# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| CHARMANE SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT ONE BANK, <br><br> Defendant. | 2:18-cv-02030-RFB-VCF <br><br> **ORDER** <br><br> APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court is Plaintiff Charmane Smith's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

**I.    Plaintiff May Proceed *In Forma Pauperis***

Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, she receives Supplemental Security Income and food stamps, and has no money in her checking or savings accounts. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Section 1915(e) Screening

Because the Court granted Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Recitation "of a cause of action's elements supported by mere conclusory statements" is insufficient to meet this standard. *Id.*

Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) "However, a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Courts will dismiss a pro se plaintiff's complaint "if [it] fails to reasonably inform the adverse party of the basis for the cause of action." *Wilkinson v. United States*, No. C-92-4095 EFL, 1993 U.S. Dist. LEXIS 615 at *3 (N.D. Cal. Jan. 14, 1993) (citing *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105 (D. Nev. 1982)). "It [is] not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124 (9th Cir. 2008) (citing *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

Plaintiff's complaint fails to include several allegations critical to showing that Plaintiff is entitled to relief in this action. The complaint lists three acts under which Plaintiff alleges she is entitled to relief: Fair Credit and Reporting Act (FCRA), Fair and Accurate Credit Transaction Act (FACTA), and Fair Debt Collection Practices Act (FDCPA). (ECF No. 1-1 at 1). While Plaintiff did not give the full statutory cite to these acts, they are found at 15 U.S.C. § 1681 *et seq.* (as amended in 2003) and 15 U.S.C. § 1692 *et seq.* However, Plaintiff just lists the entire acts as claims to relief, without pointing to specific sections

in the statutes where the alleged violation occurred. (*Id.* at 1-2). These statutes are long, with many different facets, and it is not the Court's job to sift through the statutes to find which part is applicable to the Plaintiff. Plaintiff fails to specifically state how the Defendant violated Plaintiff's rights under the statutes. (*Id.*). While Plaintiff generally alleges that Defendant ignored written dispute letters, failed to investigate her complaints, and improperly closed her credit card account, Plaintiff fails to give any specific details, including, critically, dates of occurrence. (*Id.*). Plaintiff claims actual damages of $230,552.91 and punitive damages of $461,105.82, but she does not allege a statutory or factual basis for these damages. These deficiencies may be cured by allowing the Plaintiff an opportunity to file an amended complaint containing these necessary facts.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until December 3, 2018 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified

time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 30th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE